### SQUIRES V. KING.

AN AGENT EARNS THE STIPULATED COMMISSION FOR PROCURING A LOAN OF MONEY, ALTHOUGH THE PRINCIPAL DECLINES ITS USE.— Where one party stipulates to pay another a certain commission for procuring him a loan of money upon property, and on terms and for time mentioned, which service is duly performed and the money obtained, but on being notified thereof the principal concludes he does not want the money and declines to accept it, his liability to pay the stipulated commission is complete.

*Appeal from Arapahoe County Court.*

Messrs. C. A. ALLEN, BENEDICT & PHELPS and C. A. LOTT, for appellant.

Messrs. S. H. BALLARD and C. P. BUTLER, for appellee.

RICHMOND, C. On July 6, 1886, appellant, who was defendant below, executed and delivered to appellee the following agreement: "Villa Grove, July 6, 1886. John C. King, Colorado — Dear Sir: If you will procure a loan for me of $6,500, at eight per cent. interest, interest payable semi-annually, both interest and principal payable in Boston in gold coin of present standard weight and fineness, for five years, on my six hundred and eighty acres and improve-

ments, I agree to furnish a clear title to the same and all mortgage papers free of expense, and pay you a commission of ten per cent. for securing the loan. [Signed] Wm. B. Squires."

In pursuance of this agreement, appellee negotiated the loan and had the sum mentioned forwarded to a Denver lawyer for the purpose of complying with the contract.

The attorney, acting for the lender, communicated by letter to appellant the fact that he had received the money. To this letter appellant responded as follows:

"Villa Grove, July 17, 1886.    E. O. Wolcott, Esq.—Dear Sir: Yours of the 9th is received and contents noted. I have concluded that I do not want any money at the rate Mr. King wants to charge me. I have other reasons for not wanting it now. I could not invest it for the next sixty days, and, taking all in all, I have concluded I do not want it. Please send that decree to my address, Villa Grove, Colorado, and oblige            Wm. B. Squires."

It is needless to consider the possible effect of inquiries made by the attorney concerning the title and certain water-rights, for the letter of July 17th rendered appellee's right of action complete. This letter was written but eleven days subsequent to the date of the contract. It contains a positive refusal to comply therewith, and such refusal is predicated upon circumstances over which appellee had and could have no control whatever, viz.: *First*, a change of mind by appellant as to the rate of interest he was willing to pay; *second*, a discovery that he could not invest the sum borrowed within sixty days from the time of its receipt; and *third*, a resolve on his part that, "taking all in all," he did not want the money.

The judgment of the court below in favor of appellee should therefore be affirmed.

Reed and Bissell, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is affirmed.            *Affirmed.*